UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------ x

HENRY CRUZ and JEANETTE CRUZ,

Civil Action No.: **8610**

                    Plaintiffs,

          -against-

**NOTICE OF REMOVAL**

THE HOME DEPOT U.S.A., INC.,

                    Defendant.

RECEIVED

OCT 0 4 2007

U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------ x

To The Honorable Judges of The United States District Court for The Southern District of New York:

          Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, respectfully shows this Court:

          1.          Home Depot is the defendant in the above-entitled action.

          2.          On or about June 15, 2007, the above-entitled action was commenced against Home Depot by the filing of a summons and complaint in the Supreme Court of the State of New York, County of Westchester, under Index No. 11033/07, and is now pending therein.

          3.          On our about June 29, 2007, Home Depot was served with a summons and complaint via personal service upon Corporation Service Company ("CSC") in the above-entitled action. A copy of the Summons and Complaint is annexed as Exhibit "A" .

          4.          On July, 27, 2007, Home Depot served its answer to the Complaint, along with a Request for a Supplemental Demand.   A copy of Home Depot's Answer and Supplemental Demand is annexed as Exhibit "B".

5.    In response to Home Depot's request for a supplemental demand on or about September 10, 2007, plaintiff demanded 1.9 million in damages (See Exhibit "C").

6.    No further proceedings have been held herein in the Supreme Court of the State of New York, County of Westchester.

7.    The amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8.    Plaintiffs, by their own admission, are residents of the State of New York.

9.    Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

11.    The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff as a result of an accident while he was at the Home Depot store located at 601 South Sprain Road, Yonkers, New York, 10710 (the "Store"), on June 15, 2004.

12.    Plaintiff alleges that Home Depot was negligent in the maintenance of the Store thereby allowing a dangerous condition to exist resulting in personal injuries to plaintiff.

13.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

14.    This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Westchester to this Court.

Dated: New York, New York
      October 3, 2007

                                        D'AMATO & LYNCH, LLP

                       By:    *Megan Marchick*

                            Megan Marchick, Esq.
                            Attorneys for Defendant
                            HOME DEPOT U.S.A., INC.
                            70 Pine Street
                            New York, New York  10270
                            (212) 269-0927
                            **Our File No.: 434-74622**

TO:  The Law Office of Anthony R. Tirone, Esq.
      Attorneys for Plaintiffs
      HENRY CRUZ and JEANETTE CRUZ
      305 Old Tarrytown Road
      White Plains, New York  10603
      (914) 686-7007

#280018v1

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

INDEX NO. 1033/07

Plaintiffs designate
WESTCHESTER County as
the place of trial.

HENRY CRUZ and JEANETTE CRUZ,

                    Plaintiffs,

    -against-

THE HOME DEPOT U.S.A., INC.,

                    Defendant.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:

178 Gailmor Drive

Yonkers, NY 10710

*RECEIVED*

*JUN 15 2007*

*TIMOTHY C. IDONI*
*COUNTY CLERK*
*COUNTY OF WESTCHESTER*

### To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: White Plains, New York
      June 8, 2007

**THE LAW OFFICE OF ANTHONY E. TIRONE, ESQ., P.C.**
Attorneys for Plaintiffs
305 Old Tarrytown Road
White Plains, New York 10603
(914) 686-7007

THE HOME DEPOT U.S.A., INC.
601 South Sprain Road
Yonkers, New York 10710

THE HOME DEPOT U.S.A., INC.
C/O Corporation Service Company
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

HENRY CRUZ and JEANETTE CRUZ,

Plaintiffs,

-against-

THE HOME DEPOT U.S.A., INC.,

Defendant.

---

INDEX NO.

**VERIFIED COMPLAINT**

RECEIVED

JUN 15 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiffs, by their attorneys, **THE LAW OFFICE OF ANTHONY R. TIRONE, ESQ.,
P.C.,** as and for their Verified Complaint, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, HENRY CRUZ, at all times herein mentioned was and still is a resident of the County of Westchester and the State of New York.

2. The plaintiff, JEANETTE CRUZ, at all times herein mentioned was and still is a resident of the County of Westchester and the State of New York.

3. The defendant THE HOME DEPOT U.S.A., INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with a principal place of business situated in the County of Westchester and the State of New York.

4. The defendant THE HOME DEPOT U.S.A., INC., at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

5. The defendant, THE HOME DEPOT U.S.A., INC., at all times herein mentioned conducted and carried on business in the County of Westchester and the State of New York.

6. The defendant, THE HOME DEPOT U.S.A., INC., at all times herein mentioned was and still is a partnership doing business in the County of Westchester and the State of New York.

7. The defendant, THE HOME DEPOT U.S.A., INC., at all times herein mentioned was and still is a limited liability partnership doing business in the County of Westchester and the State of New York.

8. The defendant, THE HOME DEPOT U.S.A., INC., at all times herein mentioned was and still is a limited liability corporation doing business in the County of Westchester and the State of New York.

9. The defendant, THE HOME DEPOT U.S.A., INC., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Westchester and the State of New York.

10. At all times herein mentioned, defendant THE HOME DEPOT U.S.A., INC. transacted business within the State of New York.

11. At all times herein mentioned, defendant THE HOME DEPOT U.S.A., INC. derived substantial revenue from goods used or consumed or services rendered in the State of New York.

12. At all times herein mentioned, defendant THE HOME DEPOT U.S.A., INC. expected or should reasonably have expected its acts to have consequences in the State of New York.

13. At all times herein mentioned, defendant THE HOME DEPOT U.S.A., INC. derived substantial revenue from interstate or international commerce.

14. At all times herein mentioned, HENRY CRUZ was lawfully upon defendant's premises.

15. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC. owned the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

16. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC. was one of the owners of the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

2

17. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC. was a lessee of the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

18. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC. was a lessor of the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

19. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees operated the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

20. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees maintained the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

21. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees managed the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

22. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees controlled the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

23. At all times herein mentioned, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees supervised the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

24. On or before June 15, 2004, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees had a duty an were responsible to properly secure and control all of the items located within the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

3

25. On or before June 15, 2004, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees had a duty and were responsible to inspect the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, and State of New York.

26. On or before June 15, 2004, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees had duty and were responsible for the safety of the invited public in the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

27. On or before June 15, 2004, the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees operated a retail store for the sale of home goods and hardware at the premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York.

28. At all times herein mentioned, it was the duty of the defendant THE HOME DEPOT U.S.A., INC.'s servants, agents and/or employees to maintain said premises located at the Home Depot Store at 601 South Sprain Road, in the City of Yonkers, County of Westchester, State of New York, in a reasonably safe and suitable condition and in good repair.

29. Solely as a result of the defendant's negligence, carelessness and recklessness, HENRY CRUZ was caused to suffer severe and serious personal injuries to mind and body, and further, that HENRY CRUZ was subjected to great physical pain and mental anguish.

30. By reason of the foregoing, HENRY CRUZ was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and HENRY CRUZ will be permanently caused to suffer pain, inconvenience and other effects of such injuries; HENRY CRUZ incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and HENRY CRUZ will be unable to pursue

4

HENRY CRUZ's usual duties with the same degree of efficiency as prior to this accident, all to HENRY CRUZ's great damage.

31. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

32. Due to defendant's negligence, plaintiff HENRY CRUZ is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff JEANNETTE CRUZ repeats and realleges each and every allegation contained in paragraphs numbered "1" through "33" of the Complaint as if fully set forth at length herein.

34. At all times herein mentioned, plaintiff JEANNETTE CRUZ was the lawfully wedded spouse of plaintiff HENRY CRUZ, and as such, was entitled to the services, earnings, consortium and society of HENRY CRUZ.

35. As a result of this accident, this plaintiff lost the said services, earnings, consortium and society of HENRY CRUZ, and was caused to expend monies in the care and treatment of the injuries so sustained by HENRY CRUZ.

36. Due to defendant's tortious and/or wrongful conduct as herein alleged, plaintiff JEANNETTE CRUZ is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

5

**WHEREFORE**, the plaintiffs demand:

a. judgment awarding damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction of on the first cause of action;

b. judgment awarding damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction of on the second cause of action;

c. interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: White Plains, New York
June 8, 2007

Anthony R. Tirone
**THE LAW OFFICE OF ANTHONY R. TIRONE, ESQ., P.C.**
Attorneys for Plaintiffs
305 Old Tarrytown Road
White Plains, New York 10603
(914) 686-7007

6

**Documents printed:**

---

Document 984504 : Original Document

**Documents selected that did not print:**

---

All Documents Printed.

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------------X
HENRY CRUZ and JEANETTE CRUZ,

                                  Plaintiffs,                    Index No.: 11033/07

          -against-

THE HOME DEPOT U.S.A., INC.,                          **VERIFIED ANSWER**

                                  Defendant.
------------------------------------------------------------------------X

      Defendant, HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH, as and for its answer, alleges as follows:

      1. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Verified Complaint.

      2. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Verified Complaint.

      3. Denies each and every allegation set forth in paragraph "3" of the Verified Complaint.

      4. Admits the allegation set forth in paragraph "4" of the Verified Complaint.

      5. Admits the allegation set forth in paragraph "5" of the Verified Complaint.

      6. Denies each and every allegation set forth in paragraph "6" of the Verified Complaint.

      7. Denies each and every allegation set forth in paragraph "7" of the Verified Complaint.

      8. Denies the allegation set forth in paragraph "8" of the Verified Complaint.

      9. Denies the allegation set forth in paragraph "9" of the Verified Complaint.

      10. Admits the allegation set forth in paragraph "10" of the Verified Complaint.

#273438v1

11. Denies the allegations set forth in paragraph "10" of the Verified Complaint, except admits that Home Depot derives revenue from goods in the State of New York.

12. Denies the allegations set forth in paragraph "10" of the Verified Complaint.

13. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Verified Complaint.

14. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint.

15. Denies the allegation set forth in paragraph "15" of the Verified Complaint.

16. Denies the allegation set forth in paragraph "16" of the Verified Complaint.

17. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Verified Complaint.

18. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Verified Complaint.

19. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Verified Complaint.

20. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Verified Complaint.

21. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Verified Complaint.

22. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Verified Complaint.

23. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Verified Complaint.

24. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Verified Complaint.

25. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Verified Complaint.

26. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Verified Complaint.

27. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Verified Complaint.

28. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Verified Complaint.

29. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Verified Complaint.

30. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Verified Complaint.

31. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Verified Complaint and refers all questions of law to the Court.

32. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Verified Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Answering paragraph "33" of the Verified Complaint, the answering defendant repeats, reiterates and realleges each and every allegation, denial and denial upon information and belief as to each and every allegation alleged in the Verified Complaint at paragraphs designated "1" through "32", as if fully set forth herein at length.

34. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Verified Complaint.

35. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Verified Complaint.

36. Denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, which liability is specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. Upon information and belief, plaintiff failed to take any, or sufficient, action which was necessary to mitigate or minimize the damages allegedly sustained in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. Upon information and belief, at all times relevant herein, plaintiff

#273438v1

engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in the dangerous, hazardous and threatening activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. Upon information and belief, plaintiff's claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Upon information and belief, the alleged injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiff against the answering defendant should be barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44. Upon information and belief, plaintiff has failed to state a cause of action upon which relief can be granted as against this defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45. The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment,

#273438v1

release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.


Dated: New York, New York
      July 27, 2007

                            Yours, etc.

                            D'AMATO & LYNCH

          By:    *Megan Marchick*
                            Megan Marchick, Esq.
                            Attorneys for Defendant
                            HOME DEPOT U.S.A., INC.
                            70 Pine Street
                            New York, New York  10270
                            (212) 269-0927
                            Our File No.:  434-74516


To:  The Law Office of Anthony R. Tirone, Esq.
      Attorneys for Plaintiffs
      305 Old Tarrytown Road
      White Plains, New York 10603
      (914) 686-7007

#273438v1

# ATTORNEY'S VERIFICATION

Megan Marchick, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.     I am associated with the law firm of D'AMATO & LYNCH, the attorneys of record for defendant HOME DEPOT U.S.A., INC., in the within action.

2.     I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.     The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.     The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.     The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

_Megan Marchick_
Megan Marchick

Dated: New York, New York
        July 27, 2007

#273438v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

      **KAREN ROSS**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

      On July 27, 2007 deponent served the within **VERIFIED ANSWER** upon:

The Law Office of Anthony R. Tirone, Esq.
Attorneys for Plaintiffs
305 Old Tarrytown Road
White Plains, New York 10603
(914) 686-7007

by depositing a true copy of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, properly addressed to said plaintiff pro se at the above addresses designated by her for that purpose.

_Karen Ross_
KAREN ROSS

Sworn to before me this
30th of July, 2007

_[signature]_
Notary Public

MELEENA M. BOWERS
Notary Public, State of New York
No. 31-02806092207
Qualified in New York County
Commission Expires May 12, 2011

#273955v1

Index No.    1103/07    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

HENRY CRUZ and JEANETTE CRUZ,

Plaintiff,

-against-

THE HOME DEPOT U.S.A., INC.,

Defendant.

===== VERIFIED ANSWER =====

**D'AMATO & LYNCH**

Attorneys for

Office and Post Office Address, Telephone

**70 PINE STREET**

BOROUGH OF MANHATTAN    NEW YORK, N.Y. 10270

**212–269-0927**

To

Attorney(s) for

Service of a copy of the within

Dated,    is hereby admitted.

Attorney(s) for

---

===== NOTICE OF SETTLEMENT =====

Sir:—Please take notice that an order

of which the within is a true copy will be presented for
settlement to the Hon.

one of the judges of the within named Court, at

Dated,

on

at    M.    20

Yours, etc.,

**D'AMATO & LYNCH**

Attorneys for

Office and Post Office Address

**70 PINE STREET**

BOROUGH OF MANHATTAN    NEW YORK, N.Y. 10270

To

Attorney(s) for

---

===== NOTICE OF ENTRY =====

Sir:—Please take a notice that the within is a (certified) true
copy of a
duly entered in the office of the clerk of the within named
court on    20

Dated,

Yours, etc.,

**D'AMATO & LYNCH**

Attorneys for

Office and Post Office Address

**70 PINE STREET**

BOROUGH OF MANHATTAN    NEW YORK, N.Y. 10270

To

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
HENRY CRUZ and JEANETTE CRUZ,

                              Plaintiffs,              Index No.: 11033/07

             -against-


THE HOME DEPOT, U.S.A., INC. ,                    **REQUEST FOR
                                                  SUPPLEMENTAL
                                                  DEMAND**

                              Defendant.
-------------------------------------------------------------------X

        Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days from the

date of the service of this Demand, you are hereby required to set forth the total damages to

which each plaintiff deems herself entitled and list same separately for each cause of action or

claim.

Dated: New York, New York
       July 27, 2007

                              Yours, etc.

                              D'AMATO & LYNCH

                              By: _Megan Marchick_____
                                  Megan Marchick, Esq.
                                  Attorneys for Defendant
                                  HOME DEPOT U.S.A., INC.
                                  70 Pine Street
                                  New York, New York  10270
                                  (212) 269-0927
                                  **Our File No.:  434-74622**

TO: The Law Office of Anthony R. Tirone, Esq.
    Attorneys for Plaintiffs
    305 Old Tarrytown Road
    White Plains, New York 10603
    (914) 686-7007

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )

    **KAREN ROSS**, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

    On July 27, 2007 deponent served the within **REQUEST FOR SUPPLEMENTAL DEMAND** upon:

    The Law Office of Anthony R. Tirone, Esq.
    Attorneys for Plaintiffs
    305 Old Tarrytown Road
    White Plains, New York 10603
    (914) 686-7007

by depositing a true copy of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, properly addressed to said plaintiff pro se at the above addresses designated by her for that purpose.

                                  *Karen Ross*
                                  KAREN ROSS

Sworn to before me this
30th of July, 2007

                                  MELEENA M. BOWERS
                          Notary Public, State of New York
                          No. 31-02806092207
                        Qualified in New York County
  Notary Public          Commission Expires May 12, 2011

#273955v1

Index No. 11033/07    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

HENRY CRUZ and JEANETTE CRUZ,

Plaintiff,

-against-

THE HOME DEPOT U.S.A., INC.,

Defendant.

REQUEST FOR SUPPLEMENTAL DEMAND

D'AMATO & LYNCH

Attorneys for    Defendant

Office and Post Office Address, Telephone

70 PINE STREET

BOROUGH OF MANHATTAN    NEW YORK, N.Y., 10270

212—269-0927

To

Attorney(s) for

Service of a copy of the within    is hereby admitted.

Dated,

Attorney(s) for

════════ NOTICE OF ENTRY ════════

Sir:–Please take a notice that the within is a (certified) true
copy of a
duly entered in the office of the clerk of the within named
court on    20

Dated,

Yours, etc.,

D'AMATO & LYNCH

Attorneys for

Office and Post Office Address

70 PINE STREET

BOROUGH OF MANHATTAN    NEW YORK, N.Y. 10270

-o-

Attorney(s) for

════════ NOTICE OF SETTLEMENT ════════

Sir:–Please take notice that an order

of which the within is a true copy will be presented for
settlement to the Hon.
one of the judges of the within named Court, at

on

at    M.

Dated,

Yours, etc.,

D'AMATO & LYNCH

Attorneys for

Office and Post Office Address

70 PINE STREET

BOROUGH OF MANHATTAN    NEW YORK, N.Y. 10270

To

Attorney(s) for

**EXHIBIT C**

SUPREME COURT OF THE STATE OF NEW YORK          INDEX NO. 11033/07
COUNTY OF WESTCHESTER

---

HENRY CRUZ and JEANETTE CRUZ,                   **PLAINTIFF'S**
                              Plaintiffs,       **RESPONSE TO**
            -against-                           **REQUEST FOR**
                                                **SUPPLEMENTAL**
THE HOME DEPOT U.S.A., INC.,                    **DEMAND**
                              Defendant.

---

**C O U N S E L O R S :**

    Plaintiff, by his attorneys, The Law Office of Anthony R.Tirone, Esq., P.C., in response
to defendant's request for supplemental demand:

- FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS for Past Pain and Suffering;

- FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS for Future Pain and Suffering;

- FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS for Past Medical Expenses;

- FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS for Future Medical Expenses;

- ONE HUNDRED THOUSAND ($100,000.00) DOLLARS for loss of services.

    **PLEASE TAKE FURTHER NOTICE**, Plaintiffs reserve their right to supplement,
update, and/or amend all above responses until and upon the time of trial.

Dated: White Plains, New York
       August 17, 2007

                  Anthony R. Tirone
                  **THE LAW OFFICE OF ANTHONY R.TIRONE, ESQ., P.C.**
                  Attorneys for Plaintiffs
                  305 Old Tarrytown Road
                  White Plains, New York  10603
                  (914) 686-7007

LAW OFFICE OF D'AMATO & LYNCH
Attorneys for Defendant THE HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York  10270

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
Index No. 11033/07

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HENRY CRUZ and JEANETTE CRUZ,

Plaintiffs,

-against-

THE HOME DEPOT U.S.A., INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFF'S RESPONSE TO REQUEST FOR SUPPLEMENTAL DEMAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### THE LAW OFFICE OF ANTHONY R.TIRONE, ESQ., P.C.

Attorneys for Plaintiffs

305 Old Tarrytown Road

White Plains, New York 10603

(914) 686-7007